22679

Beverly BROWN and Thomas Brown, Appellants v. Dennis LEVERETTE, Floyd Hodge and John Doe, "whose true name is unknown," Respondents.

(353 S. E. (2d) 697)

Supreme Court

*Donald E. Rothwell* and *Danny R. Collins,* both of *Law Offices of Donald E. Rothwell,* Columbia, *for appellants.*

*Susan P. McWilliams,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondents Dennis Leverette* and *Floyd Hodge.*

Feb. 23, 1987.

FINNEY, Justice:

Appellants Brown brought this action against the individual respondents for personal injury and loss of consortium as a result of an automobile accident allegedly caused by the respondents' negligent maintenance of an unpaved road in Lexington County. Respondents moved to dismiss the action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. The trial court granted the motion. We reverse.

The appellants initially brought an action on June 24, 1981, against the County of Lexington based upon the same facts as set out below, naming only the County as a party defendant. The County demurred to the complaint. The trial court ruled the action could only be brought against the County pursuant to S. C. Code Ann. § 57-17-810 thru -860 (1976), and the complaint revealed on its face the one year statute of limitation provided in § 57-17-830 had run. Therefore, the action against the County of Lexington was barred. On appeal, the South Carolina Court of Appeals affirmed the trial court, *Brown v. Lexington County,* 283 S. C. 27, 320 S. E. (2d) 498 (S. C. App. 1984).

Appellants commenced the instant suit against the respondents in their individual capacity by filing a Summons and Complaint on June 28, 1985. The complaint alleges that on July 7, 1979, the appellant Beverly Brown was injured when the car in which she was a passenger struck a pothole(s) on an unpaved highway in Lexington County. The appellants assert that the respondents owed a duty to properly maintain the roads and that their negligent perfor-

mance of their responsibilities caused the accident and resulting injuries.

Respondents moved to dismiss the complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure on the grounds that: 1) the respondents were not charged with the duty of maintaining the county highways at the time of the accident; 2) the suit is barred by the one year statute of limitation provided in § 57-17-830, *supra;* and 3) the action is barred by *res judicata* and collateral estoppel. The respondents submitted affidavits in support of the motion. The trial court ruled in the affirmative on each ground of the respondents' motion and dismissed the complaint. Appellant contends the trial court erred in dismissing the action.

Rule 12(b)(6) of the South Carolina Rules replaces and performs the same function as the old statutory pleading rules regarding demurrers. *New Hanover County Department of Social Services, ex rel. Gore v. Graham,* 288 S. C. 138, 341 S. E. (2d) 631 (1986). South Carolina Rule 12(b)(6) essentially tracks Rule 12(b)(6) of the Federal Rules of Civil Procedure. The trial court must dispose of a motion for failure to state a cause of action based solely upon the allegations set forth on the face of the complaint. *Tele-Communications of Key West v. United States,* 757 F. (2d) 1330 (D. C. Cir. 1985); *Hill v. Watford,* 276 S. C. 344, 278 S. E. (2d) 347 (1981). The motion cannot be sustained if facts alleged in the complaint and inferences reasonably deducible therefrom would entitle plaintiff to any relief on any theory of the case. *Milburn v. United States,* 734 F. (2d) 762 (11th Cir. 1984); *Blandon v. Coleman,* 285 S. C. 472, 330 S. E. (2d) 298 (1985); and *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981).

Rule 12(b)(6) of the South Carolina Rules of Civil Procedure provides in pertinent part that:

"[I]f on a motion asserting the defense numbered (6) to dismiss for failure to state facts sufficient to constitute a cause of action, *matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all ma-*

*terial made pertinent to such a motion by Rule 56."*
[Emphasis added.]

This Court has not previously had an opportunity to interpret this provision. It is our view the language of the Rule is clear, and it states plainly that the trial court may treat a 12(b)(6) motion as a motion for summary judgment and consider matters presented outside of the pleadings *if* the parties are afforded a reasonable opportunity to respond to such matters in accordance with Rule 56(c) and (e) of the South Carolina Rules of Civil Procedure. The notice provisions in Rule 56 are incorporated into Rule 12(b)(6). Our interpretation of Rule 12(b)(6) is supported by numerous federal authorities. See *In re Bristol Industries Corporation,* 690 F. (2d) 26 (2nd Cir. 1982); *Prospero Associates v. Burroughs Corporation,* 714 F. (2d) 1022 (10th Cir. 1983); *Milburn, supra; Garaux v. Pulley,* 739 F. (2d) 437 (9th Cir. 1984).

The order of the trial court does not specifically indicate the court considered the respondents' supporting affidavits in ruling on the 12(b)(6) motion and heard the motion as a motion for summary judgment. However, it is apparent the trial court necessarily looked beyond the complaint and considered the responents' affidavits in ruling on the motion in order for the court to conclude in its order that "at the time of the matters alleged in the Complaint, [respondents] were not charged with the duty of maintaining the county highways and traffic control devices on the county highways of Lexington County." This conclusion is not ascertainable from the face of the complaint and could only have been discerned from the affidavits. The trial court gave no notice to the parties that it was going to consider the affidavits and hear the 12(b)(6) motion as a motion for summary judgment. The first indication that the respondents' affidavits would be used to support the 12(b)(6) motion was the trial court's order of dismissal.

We conclude the trial court erred in considering the respondents' supporting affidavits in ruling on the 12(b)(6) motion. It is also our opinion that the trial court's ruling on the statute of limitations, *res judicata* and collateral estoppel was error because these defenses were not apparent from the face of the complaint.

Reversed.

NESS, C. J., and GREGORY and CHANDLER, JJ., concur.

HARWELL, J., not participating.