THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert C. Spinner and Shirley Spinner,       
Appellants,
 
 
 

v.

 
 
 
William Adams and Celeste Adams,       
Respondents.
 
 
 

Appeal From York County
John Buford Grier, Special Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-040
Submitted November 19, 2003 – Filed 
 January 21, 2004

AFFIRMED

 
 
 
Douglas F. Gay, of Rock Hill, for Appellants. 
Lucy London McDow, of Rock Hill, for Respondents.
 
 
 

PER CURIAM:  Robert and Shirley Spinner 
 appeal the trial court’s decision ruling they failed to prove the barking of 
 the dogs of William and Celeste Adams constituted a nuisance.  We affirm. 
 [1] 
 The Spinners 
 brought this action against the Adamses alleging the barking of the Adamses 
 four dogs constituted a nuisance.  They sought damages and an injunction. 
 At trial, Robert Spinner testified the dogs began 
 barking immediately after the Adamses moved into their home.  He explained 
 he repeatedly asked his neighbors to quiet the dogs and although he initially 
 received reassurances, he was later told he would have to live with the situation.  
 Spinner claimed his work as a truck driver was affected because the barking 
 interfered with his sleep.  Shirley Spinner testified she was once so upset 
 about the barking and about her husband working without sleep that she thought 
 she was having a heart attack.  Tests later revealed she did not suffer any 
 cardiac event.  The Spinners called animal control, made numerous complaints 
 to the York County Sheriff’s Office, swore out warrants against the Adamses, 
 and sued the Adamses on more than one occasion.  One deputy who responded 
 to some of the Spinners’ calls testified the Adamses dogs were barking at 
 all times when she was there and that she spoke with the Adamses, advising 
 them of the county noise ordinance and asking them to quiet their dogs.  
 Celeste Adams testified she tried to keep her dogs 
 from bothering the neighbors.  She testified she tried keeping them indoors 
 at night, putting special collars on them, and directing a sprinkler at their 
 doghouse so they would stay inside.  She testified the barking continued at 
 times and that in a final effort to end the strife, approximately one year 
 before the hearing, she had the dogs’ vocal cords surgically notched so they 
 could no longer bark.  
 The Adamses also presented evidence the Spinners 
 were unduly sensitive.  A county attorney testified all parties attending 
 a mediation hearing were willing to work out a solution except for Robert 
 Spinner.  Other neighbors testified the dogs were not a problem and some alleged 
 the Spinners had harassed them regarding even occasional mild barking by their 
 own dogs.  One neighbor stated that when Robert Spinner called to complain 
 about her dog barking she noticed he had his windows open.  Spinner himself 
 testified he did not think he should have to close his windows in order to 
 lessen his disturbance by his neighbors’ dogs.  
 LAW/ANALYSIS
 The Spinners argue the trial court erred in refusing 
 to consider a tape of the Adamses’ dogs barking.  They also argue the court 
 erred in failing to apply county provisions that require pet owners to prevent 
 their pets from becoming a public nuisance.  Neither issue is preserved.
 Although Robert Spinner testified he brought tape 
 recordings of the Adamses’ dogs to court with him, the record does not reflect 
 an attempt to mark or submit the tapes as evidence or to proffer their contents 
 to the court.  Thus, it does not appear the court was asked to consider the 
 tapes.  The court was also not asked to consider or apply any particular county 
 ordinance.  The Spinners did not mention any specific ordinance in their pleadings, 
 in their hearing before the trial court, or in their brief to this court.  
 To be preserved for appellate review, an issue must be raised to and ruled 
 upon by the trial court.  Mizell v. Glover, 351 S.C. 392, 399, 570 
 S.E.2d 176, 180 (2002).  Furthermore, short conclusory statements without 
 supporting legal authority, such as the Spinners’ two-paragraph argument regarding 
 the York County Code, are deemed abandoned on appeal.  Glasscock, Inc. 
 v. U.S. Fidelity & Guaranty Co., 348 S.C. 76, 81, 557 S.E.2d 689, 
 691 (Ct. App. 2001).
 The Spinners also argue the court erred in finding 
 they failed to produce sufficient evidence to prove the existence of a nuisance.  
 We disagree.  To establish a nuisance, a landowner traditionally must demonstrate 
 the defendant unreasonably interfered with the ownership or use of the plaintiff’s 
 land.  FOC Lawshe Ltd. P’ship v. Int’l Paper Co., 352 S.C. 408, 413-14, 
 574 S.E.2d 228, 231 (Ct. App. 2002).  Determining whether one landowner’s 
 use of his property is a legal infringement on the property rights of another 
 requires delicate balancing of the parties conflicting interests and rights.  
 Winget v. Winn-Dixie Stores, Inc., 242 S.C. 152, 159, 130 S.E.2d 363, 
 367 (1963).  Although landowners must not unreasonably interfere with the 
 rights of their neighbors to enjoy their property, not every annoyance or 
 disturbance created by the landowner’s use of his property constitutes a nuisance.  
 O’Cain v. O’Cain, 322 S.C. 551, 560-61, 473 S.E.2d 460, 466 (Ct. App. 
 1996).  The inquiry is not whether the plaintiffs have been annoyed or disturbed 
 but whether their legal rights have been injured.  
 Here, we agree with the trial court that the Spinners 
 have failed to establish their claim that the Adamses’ dogs constituted a 
 private nuisance.  Although the Spinners testified they were bothered and 
 disturbed by the dogs’ barking, they failed to prove the barking rose to a 
 level where their rights were injured.  There was evidence showing the Adamses 
 made several attempts to lessen the disturbance to the Spinners, including 
 having the dogs surgically “debarked.” There was also evidence the Spinners 
 were unusually sensitive and unwilling to mitigate the annoyance they suffered.  
 Other homeowners in the neighborhood testified they had no problems with the 
 Adamses’ dogs.  
 AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.