634 S.E.2d 5

**Kristy and Scott HAMBRICK, and Others
Similarly Situated, Appellants,**

v.

**GMAC MORTGAGE CORPORATION d/b/a Ditech.com, and Milton R. Cooley, an Agent, and John Doe, on behalf of other undiscovered Defendant Agents, Defendants,**

**Of Whom GMAC Mortgage Corporation
d/b/a ditech.com is Respondent.**

No. 4104.

Court of Appeals of South Carolina.

Submitted Feb. 1, 2006.

Decided April 17, 2006.

Rehearing Denied July 5, 2006.

_____

may be ... such agreement shall be deemed to be an assignment and is prohibited."

120

Paul H. Hulsey, William J. Cook, of Charleston, for Appellants.

J.J. Van Ginhoven and James Y. Becker, both of Columbia and James W. McGarry, of Boston, for Respondent.

CURETON, J.

In this civil action, the circuit court dismissed Scott and Kristy Hambrick's (the Hambricks) suit against GMAC Mortgage Corporation, doing business as ditech.com (Ditech). The circuit court found the Hambricks's claims against Ditech all stemmed from the allegation that Ditech was engaged in the unauthorized practice of law. Accordingly, the circuit court concluded it lacked jurisdiction to hear this case and granted Ditech's motion dismissing the suit. We affirm.[1]

## FACTS

The Hambricks obtained a real estate loan from Ditech that was secured by their home in Aiken County. The Hambricks claim Ditech engaged in the unauthorized practice of law during the loan process. First, the Hambricks claim Ditech impermissibly prepared loan-related documents without the use of an attorney and, second, Ditech failed to use an attorney to close the loan.

The Hambricks initially brought suit in Hampton County, individually and as a class action, against Ditech and Milton R. Cooley, a notary public of South Carolina, who they allege performed the real estate closing. In their complaint, the

---

[1]. We decide this case without oral argument, pursuant to Rule 215, SCACR.

Hambricks stated eight legal and equitable claims, including breach of contract, breach of contract accompanied by a fraudulent act, fraud, constructive fraud, civil conspiracy, and a claim for accounting. Each allegation stemmed from the Hambricks's claim that Ditech charged them for legal fees that were not provided nor could be provided due to Ditech's failure to utilize an attorney.

The case was removed to federal district court and ultimately remanded to state court where the Hambricks re-filed suit in Richland County. On July 26, 2004, Ditech moved for judgment on the pleadings, on the basis that South Carolina does not recognize a private right of action for the unauthorized practice of law. At the motion hearing, the Hambricks conceded that if their action sought to determine whether Ditech's actions constituted the unauthorized practice of law, then the suit should be brought in the original jurisdiction of the South Carolina Supreme Court. However, the Hambricks asserted Ditech's actions during the loan transaction process, pursuant to case law, have already been declared by the supreme court to be the unauthorized practice of law. Therefore, they allege the circuit court had jurisdiction to assess damages stemming from the improperly charged fees.

The circuit court granted Ditech's motion for judgment on the pleadings. The circuit court primarily relied on *Linder v. Insurance Claims Consultants, Inc.,* 348 S.C. 477, 560 S.E.2d 612 (2002), in finding South Carolina law precludes private citizens from suing for money damages based on an allegation of the unauthorized practice of law. Further, the circuit court found the only claim that could be brought based on an allegation of the unauthorized practice of law is a request for declaratory relief brought in the original jurisdiction of the Supreme Court. Accordingly, the circuit court concluded it lacked jurisdiction to hear this case and granted Ditech's motion dismissing the suit. This appeal followed.

## STANDARD OF REVIEW

The circuit court may dismiss a claim when the defendant demonstrates the plaintiff's " 'failure to state facts sufficient to constitute a cause of action' in the pleadings filed with the court." *FOC Lawshe Ltd. P'ship v. Int' l Paper Co.,*

352 S.C. 408, 412, 574 S.E.2d 228, 230 (Ct.App.2002) (quoting Rule 12(b)(6), SCRCP). The circuit court "must dispose of a motion for failure to state a cause of action based solely upon the allegations set forth on the face of the complaint." *Brown v. Leverette*, 291 S.C. 364, 366, 353 S.E.2d 697, 698 (1987) (citation omitted). "The motion cannot be sustained if facts alleged in the complaint and inferences reasonably deducible therefrom would entitle plaintiff to any relief on any theory of the case." *Id.* "All properly pleaded factual allegations are deemed admitted for the purposes of considering a motion for judgment on the pleadings." *FOC Lawshe Ltd. P'ship*, 352 S.C. at 413, 574 S.E.2d at 230. This court applies the same standard of review implemented by the circuit court. *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct.App.2001).

## LAW/ANALYSIS

The sole issue on appeal is whether the circuit court erred in dismissing the Hambricks's complaint. For the reasons set out below, we find the Hambricks failed to allege facts sufficient to maintain this action. Accordingly, we affirm the judgment of the circuit court dismissing Hambricks's complaint.

The South Carolina Supreme Court has the duty to regulate the practice of law in this state and, accordingly, has the authority to define what constitutes the unauthorized practice of law. The South Carolina Constitution provides "[t]he Supreme Court shall have jurisdiction over the admission to the practice of law...." S.C. Const. art. V. § 4; *see also* S.C.Code Ann. § 40–5–10 (2001) ("The inherent power of the Supreme Court with respect to regulating the practice of law, determining the qualifications for admission to the bar and disciplining, suspending and disbarring attorneys at law is hereby recognized and declared."). The supreme court has stated the purpose behind laws prohibiting the unauthorized practice of law is "to protect the public from incompetent, unethical, or irresponsible representation." *Renaissance Enters. Inc. v. Summit Teleservices, Inc.*, 334 S.C. 649, 652, 515 S.E.2d 257, 258 (1999).

In *Linder v. Insurance Claims Consultants, Inc.*, the Linders suffered property loss from a fire in their home. 348 S.C. 477, 483, 560 S.E.2d 612, 616 (2002). While their claim was being adjusted by the insurance company, the Linders hired a public insurance adjusting firm, Insurance Claims Consultants (ICC), to advocate on their behalf and they released the lawyer they had previously hired. *Id.* at 483–84, 560 S.E.2d at 616. Additionally, the Linders requested their insurance company deal directly with ICC concerning their claim. *Id.* at 484, 560 S.E.2d at 616. When the Linders failed to pay ICC fees required under the contract, ICC brought suit in circuit court. In their answer, the Linders asserted, inter alia, that ICC engaged in the unauthorized practice of law, and thus the contract between the parties was void. The Linders also sought damages in tort. Additionally, the Linders filed a declaratory judgment action in the South Carolina Supreme Court seeking a judicial determination that ICC's acts constituted the unauthorized practice of law. *Id.* at 486, 560 S.E.2d at 617.

The supreme court found that public insurance adjusting did not per se constitute the unauthorized practice of law, but that some of ICC's actions, namely advising the Linders of their rights under the insurance policy, amounted to the unauthorized practice of law. *Id.* at 493–94, 560 S.E.2d at 621. Most important to the resolution of this case, the supreme court specifically rejected the Linders's claim, that "once an act is declared to be the unauthorized practice of law, then the circuit court has jurisdiction to hear various causes of action, including a tort action for damages." *Id.* at 496, 560 S.E.2d at 622. In rejecting this theory, the supreme court stated:

In bringing the instant action, the Linders acted in accordance with this Court's decision in *Unauthorized Practice of Law Rules*, where we urged "any interested individual who becomes aware of such conduct [which may be the unauthorized practice of law] to bring a declaratory judgment action in this Court's original jurisdiction to determine the validity of the conduct." *Unauthorized Practice of Law Rules*, 309 S.C. at 307, 422 S.E.2d at 125. We did not, however, authorize a private right of action. Furthermore, there are statutes which prevent the unauthorized practice of law, and while they state such activity will be deemed a crime, they

do not sanction a private cause of action. S.C.Code Ann. §§ 40-5-310-320 (2001). When faced with a similar issue, the Supreme Court of Hawaii found that its criminal statutes prohibiting the unauthorized practice of law, while providing remedies such as declaratory and injunctive relief, as well as criminal sanctions, did not create a private claim for damages. *Reliable Collection Agency, Ltd. v. Cole,* 59 Haw. 503, 584 P.2d 107 (1978). We adopt that reasoning and hold there is no private right of action in South Carolina for the unauthorized practice of law.

*Id.* at 496-97, 560 S.E.2d at 622-23.

The Hambricks contend that, unlike the situation in *Linder,* they are not seeking a judicial determination that Ditech's actions amounted to the unauthorized practice of law. They maintain the actions attributed to Ditech have already been deemed the unauthorized practice of law by prior case law.[2] Even if we assume Ditech's actions were tantamount to the unauthorized practice of law, *Linder* explicitly precludes a private right of action.

■ To get around *Linder,* the Hambricks argue their eight causes of action alleged in the complaint are somehow distinct from their claim Ditech engaged in the unauthorized practice of law. We disagree. Every allegation in the complaint ultimately stems from the Hambricks's assertion that Ditech engaged in the unauthorized practice of law during the loan transaction. For example, the Hambricks's claim for breach of contract accompanied with a fraudulent act alleges Ditech breached the contract by "manipulating the process so that attorneys would not be used" and Ditech "knew that licensed attorneys were legally required to handle all real estate loans in South Carolina." Even the Hambricks's equitable claim for unjust enrichment alleges Ditech charged fees for services that could not have been performed "absent the use of a licensed South Carolina attorney." The Hambricks's allegations in their complaint are intertwined with their claim Ditech's actions constituted the unauthorized practice of law. Only our supreme court has the constitutional duty to deter-

2. In *Doe v. McMaster,* 355 S.C. 306, 312, 585 S.E.2d 773, 776 (2003), the court held "what constitutes the practice of law turns on the facts of each specific case."

mine what acts constitute the unauthorized practice of law. *See In re Unauthorized Practice of Law Rules Proposed by the S.C. Bar,* 309 S.C. 304, 305, 422 S.E.2d 123, 124 (1992) ("The Constitution commits to this Court the duty to regulate the practice of law in South Carolina") (citing S.C. Const. art. V. § 4).

## CONCLUSION

We find the circuit court lacked jurisdiction to determine whether Ditech engaged in the unauthorized practice of the law. Further, we find even if the alleged acts were the unauthorized practice of the law, no private right of action exists under *Linder.* Accordingly, the circuit court did not err by dismissing the Hambricks's complaint. For the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

SHORT, WILLIAMS, JJ., concur.