678 S.E.2d 430

**Robert J. DEMA, Edward M. Finn, and Joyce E. Gadson, on behalf of themselves and all others similarly situated, Appellants,**

**v.**

**TENET PHYSICIAN SERVICES–HILTON HEAD, INC. and Amisub (Hilton Head), Inc., collectively d/b/a Hilton Head Regional Medical Center, Respondents.**

No. 26663.

Supreme Court of South Carolina.

Heard March 18, 2009.

Decided June 8, 2009.

116

118

A. Hoyt Rowell, T. Christopher Tuck, Michael J. Brickman, all of Richardson, Patrick, Westbrook & Brickman, of Mt. Pleasant, Daniel S. Haltiwanger, of Richardson, Patrick, Westbrook & Brickman, of Barnwell, Mark C. Tanenbaum and John P. Algar, both of Charleston, for Appellants.

E. Douglas Pratt–Thomas, of Pratt–Thomas & Walker, of Charleston, William H. Jordan and Samuel R. Rutherford, both of Alston & Bird, of Atlanta, for Respondents.

Chief Justice TOAL:

Appellants filed suit against Respondents asserting several causes of action stemming from Hilton Head Regional Medical Center's (HHRMC) administration of hundreds of unauthorized therapeutic cardiac catheterizations. The trial court dismissed Appellants' complaint in its entirety. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Between 1997 and 2000, HHRMC[1] performed over 200 unauthorized therapeutic cardiac catheterizations (TCCs) in violation of State Certification of Need and Health Facility Licensure Act (CON Act), S.C.Code Ann. § 44–7–110, *et seq.* (Supp.2008). The Department of Health and Environmental Control (DHEC) issued a fine of $100 for each unauthorized procedure for a total of $24,200.

In February 2006, Appellants filed their complaint alleging that they received unauthorized TCCs at HHRMC in 1998 or 1999. Appellants asserted claims for violations of South Carolina Unfair Trade Practices Act (SCUTPA), S.C.Code Ann. § 39–5–10, *et seq.* (Supp.2008) violations, unjust enrichment, battery, and outrage. The complaint also referenced a federal *qui tam* complaint filed against HHRMC by Dr. Lowman, a doctor formerly employed with Respondents, alleging that HHRMC fraudulently billed Medicare as a result of performing the unauthorized TCCs. Respondents removed the complaint to federal court pursuant to federal question jurisdiction based on the reference to the Lowman complaint, but the district court remanded the case to state court.

Respondents filed a motion to dismiss, and following a hearing, the trial court dismissed the complaint in its entirety. The trial court found that it lacked subject matter jurisdiction over the case since DHEC was the sole agency empowered with authority to resolve claims regarding violations of the CON Act. The trial court further ruled that even if it had jurisdiction, Appellants could not maintain an unjust enrichment or SCUTPA claim because a private right of action did not exist for violations of the CON Act. The trial court dismissed the SCUTPA claims on the additional grounds that the claims fell under the regulatory exception, the allegations were not capable of repetition, and SCUTPA prohibits class action suits.[2]

1. Respondents Tenet Physician Services–Hilton Head, Inc. and AMI-SUB (Hilton Head), Inc. own and operate HHRMC.

2. The trial court also dismissed the battery and outrage claim, but Appellants have not appealed these rulings.

We certified the case pursuant to Rule 204(b), SCACR, and Appellants present the following issues [3] for review:

I. Did the trial court err in ruling that it did not have subject matter jurisdiction over the case?

II. Did the trial court err in ruling that the CON Act did not create a private cause of action?

III. Did the trial court err in dismissing the SCUTPA claims?

IV. Did the trial court err in dismissing Appellant's unjust enrichment claim?

### STANDARD OF REVIEW

▆ Generally, in considering a motion to dismiss, the trial court must base its ruling solely upon the allegations set forth on the face of the complaint. *Doe v. Greenville County Sch. Dist.,* 375 S.C. 63, 66–67, 651 S.E.2d 305, 307 (2007). The motion may not be sustained if the facts alleged in the complaint and the inferences that can be drawn therefrom would entitle the plaintiff to relief under any theory. *Id.*

### LAW/ANALYSIS

### I. Subject Matter Jurisdiction

Appellants argue that the trial court erred in ruling that it did not have subject matter jurisdiction to hear the case. We agree.

▆ Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Skinner v. Westinghouse Elec. Corp.,* 380 S.C. 91, 93, 668 S.E.2d 795, 796 (2008). South Carolina trial courts are vested with general original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts. S.C. Const. art. V,

---

3. Appellants also appeal the trial court's ruling regarding recovery of Medicare and Medicaid payments. Specifically, the trial court ruled that Appellants lacked standing to recover Medicare or Medicaid payments, were judicially estopped from seeking such payments, and any such claims were preempted by the federal False Claims Act. We decline to address this issue since Appellants contend that they are not seeking such payments.

§ 11. In determining whether the Legislature has given another entity exclusive jurisdiction over a case, a court must look to the relevant statute. *See Unisys Corp. v. South Carolina Budget and Control Bd. Div. of Gen. Servs. Info. Mgmt. Office,* 346 S.C. 158, 175, 551 S.E.2d 263, 273 (2001) (examining the language of the statute to determine the legislative intent regarding exclusive jurisdiction). .

We hold that the trial court erred in ruling it did not have subject matter jurisdiction over this case. Appellants did not file suit seeking a determination from the trial court that HHRMC was acting in violation of the CON Act. Rather, Appellants' suit involved civil claims arising out HHRMC's violations of the CON Act, which DHEC had already determined HHRMC had committed. While DHEC has exclusive subject matter jurisdiction to determine whether a violation has occurred,[4] it does not have subject matter jurisdiction to hear civil claims for damages resulting from those violations.[5] Therefore, we hold that the trial court's ruling was erroneous.

## II. Private Cause of Action

Appellants argue that the trial court erred in ruling that the CON Act did not create a private cause of action. We disagree.

Where not expressly provided, a private right of action may be created by implication if the legislation was enacted for the special benefit of the private party. *Citizens for Lee County, Inc. v. Lee County,* 308 S.C. 23, 28, 416 S.E.2d 641, 645 (1992). If the overall purpose of the statute is to aid society and the public in general, the statute is not enacted for the special benefit of a private party. *Adkins v. South*

---

4. *See* S.C.Code Ann. § 44–7–140 (Supp.2008) (providing that "[DHEC] is designated the sole state agency for control and administration of the granting of Certificates of Need and licensure of health facilities and other activities necessary to be carried out under this article.").

5. Whether the CON Act creates a private cause of action or whether a party may maintain an independent civil private cause of action seeking damages as a result of CON Act violations, both cases over which a trial court would have subject matter jurisdiction and discussed *infra,* is a distinct issue from whether a healthcare facility violated the CON Act, a case over which DHEC has exclusive subject matter jurisdiction. *See* § 44–7–140.

*Carolina Dept. of Corr.*, 360 S.C. 413, 419, 602 S.E.2d 51, 54 (2004).

We hold that no private right of action may be implied from the CON Act. The purpose of the Act is:

> to promote cost containment, prevent unnecessary duplication of health care facilities and services, guide the establishment of health facilities and services which will best serve public needs, and ensure that high quality services are provided in health facilities in this State.

S.C.Code Ann. § 44–7–120 (Supp.2008). In our view, this expressly-stated purpose clearly indicates that in enacting the CON Act, the Legislature intended to advance the quality of healthcare provided in this State for all people receiving the care, not for a particular individual. The fact that the Act considers violations a misdemeanor and imposes fines as well as license denial, revocation, or suspension further supports the conclusion that the CON Act does not create a private cause of action by implication. *See Adkins*, 360 S.C. at 419, 602 S.E.2d at 51 (acknowledging that a violation of the Prevailing Wage Statute is considered a misdemeanor and thus finding that nothing in the statute indicated a legislative intent to create civil liability for a violation). In other words, the enforcement mechanism of the CON Act is DHEC's authority to impose sanctions and not civil liability.

For these reasons, we hold that the CON Act does not provide a private cause of action for violations.

## III. SCUTPA

Appellants argue the trial court erred in dismissing their SCUTPA claim. We disagree.

Appellants filed this suit as a class action. Class action suits are representative lawsuits in which a single individual or a small group of individuals represent the interests of a larger group. SCUTPA, however, prohibits a plaintiff from bringing a suit in a representative capacity. *See* §§ 39–5–20 and 140 (providing that that any person who suffers a loss as a result of an unfair act or practice may "bring an action individually, but not in a representative capacity"). Federal courts have recognized that class action suits may not be brought pursuant to SCUTPA. *See Gun-*

*nells v. Healthplan Servs., Inc.*, 348 F.3d 417 (4th Cir.2003) (impliedly affirming the district court's refusal to certify a SCUTPA suit as a class action pursuant to § 39–5–140); *In re Microsoft Corp. Antitrust Litig.*, 127 F.Supp.2d 702, 727 (D.Md.2001) (dismissing class action claims under SCUTPA because "[t]hat Act does not permit suits for damages to be maintained as class actions."). Additionally, other jurisdictions with a similar provision in their Unfair Trade Practices Acts have also reached the conclusion that such a claim may not be maintained as a class action suit. *See Danielson v. DBM, Inc.*, No. 1:05–CV2091–WSD, slip op. at 4 (N.D.Ga. August 11, 2005); *Morris v. Sears, Roebuck and Co.*, 765 So.2d 419, 421 (La.App.2000) (recognizing that a provision in the Louisiana Unfair Trade Practices Act providing that a plaintiff "may bring an action individually but not in a representative capacity" expressly prohibits a private class action). Accordingly, because SCUTPA claims may not be maintained in a class action law suit, the trial court properly dismissed Appellants' claim.[6]

## IV. Unjust Enrichment

Finally, Appellants argue the trial court erred in dismissing their unjust enrichment claim. We disagree.

 A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another. Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff. *Ellis v. Smith Grading and Paving, Inc.*, 294 S.C. 470, 473, 366 S.E.2d 12, 14 (Ct.App.1988).

---

6. Although the trial court properly dismissed the claim pursuant to SCUTPA's prohibition of class action suits, it erroneously dismissed the claim pursuant to the regulatory exception, which provides that SCUTPA does not apply to: "actions or transactions permitted under laws administered by any regulatory body." § 39–5–40. This exception exempts an entity from liability where its actions are lawful or where it " 'does something required by law, or does something that would otherwise be a violation of the Act, but which is allowed under other statutes or regulations.' " *Ward v. Dick Dyer & Assocs.*, 304 S.C. 152, 155, 403 S.E.2d 310, 312 (1991), quoting *Skinner v. Steele*, 730 S.W.2d 335, 337 (Tenn.Ct.App.1987). This provision lends no support to HHRMC because Appellants alleged HHRMC performed *unauthorized* TCCs.

 HHRMC argues that *Hambrick v. GMAC Mortg. Corp.*, 370 S.C. 118, 634 S.E.2d 5 (Ct.App.2006) is directly on point and thus precludes Appellants' unjust enrichment claim. In *Hambrick*, the plaintiffs brought several causes of action, including an unjust enrichment claim, against GMAC after GMAC allegedly engaged in the unauthorized practice of law (UPL) in preparing loan documents for the plaintiffs. Citing *Linder v. Ins. Claims Consultants, Inc.*, 348 S.C. 477, 483, 560 S.E.2d 612, 616 (2002), the court of appeals determined that there was no private right of action for UPL, and therefore, held that the trial court properly dismissed the case.

Appellants, on the other hand, argue that *Hambrick* is not controlling and that *Iconco v. Jensen Constr. Co.*, 622 F.2d 1291 (8th Cir.1980) is instructive. In *Iconco*, Jensen Construction was the lowest bidder on a small-business construction contract and Iconco was the next lowest bidder. After the contract was awarded to Jensen, Iconco discovered that Jensen falsely certified itself as a "small-business" under the Small Business Act (SBA) regulations and therefore should not have been awarded the bid. Iconco filed an unjust enrichment claim against Jensen. The Eighth Circuit Court of Appeals held that although no private right of action existed under the SBA, the court could look to the SBA to determine whether a party has committed fraud or has been unjustly enriched.

In the instant case, we find that HHRMC was undoubtedly unjustly enriched. HHRMC was not authorized to perform TCCs, but did so and realized a benefit in the form of tremendous revenues and profits from performing these highly lucrative, yet unlawful, procedures. Nonetheless, even if we were to hold that *Hambrick* was not controlling and allow independent actions against a facility that violates the CON Act, just as the *Iconco* court allowed an independent action for violations of the SBA, Appellants' claim still fails. Whether HHRMC was authorized to perform TCCs was irrelevant to Appellants' need for the procedure, and Appellants would have received the TCCs from another provider had HHRMC not administered them. In other words, Appellants have suffered no injury even if HHRMC has been unjustly enriched. For these reasons, we must affirm the trial court's dismissal of Appellants' unjust enrichment claim.

## CONCLUSION

Our Legislature enacted the CON Act with the purpose of promoting quality healthcare to the citizens of South Carolina, and when healthcare facilities perform unauthorized medical procedures, they act in direct derogation of this purpose. This problem is further exacerbated by inadequate penalties that a defiant facility receives for violating the Act. While DHEC is authorized to issue fines and even though a violation is considered a misdemeanor, such sanctions amount to a mere "slap on the wrist" penalty and provide no meaningful deterrence, especially in light of the lucrative and profitable nature of some medical procedures. In our view, HHRMC's actions are no different than an unauthorized healthcare provider from a foreign country setting up its operations in South Carolina, a scenario which would certainly cause great outrage. Nonetheless, we can find nothing in the CON Act implying a private cause of action and Appellants cannot show that they were injured as a result of HHRMC's actions. Accordingly, we must affirm the trial court's dismissal of Appellants' complaint.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.