**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Roosevelt Simmons, Appellant,

v.

Hattie Bailum, Ruby Bailum, Verdone Bailum, Julie B.
Johnson, Monica Middleton, Marie Smith, Melvin
Singleton, Franklin Smith, LMC, LLC, and John Martin,
Esquire as Trustee, Respondents.

Appellate Case No. 2011-189009

---

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-082
Heard January 15, 2013 – Filed February 20, 2013

---

**AFFIRMED**

---

Edward A. Bertele, of Charleston, for Appellant.

John A. Massalon and I. Sonja Taylor, both of Wills
Massalon & Allen, LLC, of Charleston, for Respondents.

---

**PER CURIAM:** In this action arising from the partitioning of four parcels of
property on John's Island, Roosevelt Simmons appeals from the trial court's order

granting summary judgment to Hattie Bailum, Ruby Bailum, Verdone Bailum, Julie B. Johnson, Monica Middleton, Marie Smith, Melvin Singleton, Franklin Smith, LMC, LLC, and John Martin, Esq. as Trustee (collectively, Respondents). Simmons argues the trial court erred in (1) granting summary judgment on the basis of *res judicata*; (2) granting summary judgment on his claim of fraud on the court; (3) granting summary judgment based solely on the dismissal of the prior appeal; (4) granting summary judgment because no discovery had occurred; (5) not disqualifying Respondents' attorney and dismissing Respondents' motion to dismiss; and (6) not issuing a temporary injunction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to Simmons' issues numbered one to four: We adopt by reference the reasoning set forth in the trial court's order filed on January 11, 2011. *See Grosshuesch v. Cramer*, 367 S.C. 1, 6, 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the trial court's order as to some of the issues on appeal).

2.     As to Simmons' assertion the trial court erred in not disqualifying Respondents' attorney Bruce Berlinsky and dismissing Respondents' motion to dismiss: *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal); *State v. Love*, 275 S.C. 55, 59, 271 S.E.2d 110, 112 (1980) ("In order to establish the [attorney-client] privilege, it must be shown that the relationship between the parties was that of attorney and client and that the communications were of a confidential nature."); *id.* (stating the burden of establishing an attorney-client privilege is upon the person asserting it); *id.* ("Whether a communication is privileged is for the trial judge to decide in the light of a preliminary inquiry into all of the facts and circumstances; and this determination by the trial judge is conclusive in the absence of an abuse of discretion."); *Crawford v. Henderson*, 356 S.C. 389, 395, 589 S.E.2d 204, 207 (Ct. App. 2003) (stating "to obtain the status of a client, the person must communicate in confidence with an attorney for the purpose of obtaining legal advice," and "[t]he advice or assistance must be sought with a view to employing the attorney professionally whether or not actual employment occurs").

3.     As to Simmons' assertion the trial court erred in not issuing a temporary injunction: *FOC Lawshe Ltd. P'ship v. Int'l Paper Co.*, 352 S.C. 408, 413, 574 S.E.2d 228, 231 (Ct. App. 2002) ("The decision to grant or deny temporary injunctive relief is within the sound discretion of the trial judge and will not be

overturned absent an abuse of discretion."); *id.* at 416, 574 S.E.2d at 232 ("A plaintiff's entitlement to an injunction requires the complaint to allege facts sufficient to constitute a cause of action for an injunction while establishing that an injunction is reasonably necessary to protect the legal rights of the plaintiff during the litigation."); *id.* ("Generally, to obtain an injunction, a party must demonstrate irreparable harm, a likelihood of success on the merits, and an inadequate remedy at law.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**