**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JP Morgan Chase Bank NA, Plaintiff,

v.

Thomas R. Irby, Roy C. Irby a/k/a Roy C. Irby, II, Bank of America, NA, and Charles H. Knight LLC, Defendants,

Of Whom Roy C. Irby a/k/a Roy C. Irby, II, and Bank of America, NA are the Respondents,

And Thomas R. Irby is the Appellant.

Appellate Case No. 2013-001441

───────────

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

───────────

Unpublished Opinion No. 2015-UP-198
Submitted March 1, 2015 – Filed April 15, 2015

───────────

**AFFIRMED**

───────────

Thomas R. Irby, of Pelzer, pro se.

James Lynn Werner and Lawrence Michael Hershon, both of Parker Poe Adams & Bernstein, LLP, of Columbia, for Respondent Bank of America, NA.

Jerry Allen Gaines, II, of Odom Law Firm, of Spartanburg, for Respondent Roy C. Irby.

**PER CURIAM:** Thomas R. Irby (Thomas) appeals a jury verdict against him in favor of Bank of America, NA (Bank) for $1,510.62 and another jury verdict in his favor against Roy C. Irby, II (Roy) for $31,700. On appeal, Thomas argues (1) Bank should have closed his account upon receipt of a payoff check and letter instructing Bank to close the account; (2) a bank customer does not breach a contract with a bank when the customer does not pay a loan he does not know exists; (3) the trial court erred in ignoring Thomas's claim for negligence and restricting the trial to a breach of contract cause of action; (4) the trial court erred in not considering the duty of trust and/or duty of care; (5) the trial court deliberately forced this matter into appeal; (6) the jury decision should be set aside as inconsistent; (7) the jury verdicts should be set aside as causing unjust enrichment; (8) the trial court erred by not allowing Thomas's cost records to be presented; (9) the trial court erred by restricting the jury verdicts; (10) the trial court erred in ignoring punitive damages; (11) Bank accepted the payoff check under false pretenses; (12) the "equity court" erred in not determining the first mortgage status; (13) Roy, as cosigner, violated "[f]ederal and/or [s]tate law by taking funds from the account he knew was supposed to be closed"; (14) Roy committed breach of trust with fraudulent intent against Thomas by taking funds from the account during and after August 22, 2007; (15) the trial court erred by not referring the claims against Roy to the court of general sessions; and (16) Roy, upon knowing the account was not closed, had an obligation to inform Thomas, Thomas's attorney, or Bank. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Sapp v. Wheeler*, 402 S.C. 502, 507, 741 S.E.2d 565, 568 (Ct. App. 2013) ("An action for breach of contract seeking money damages is an action at law."); *id.* ("In an action at law, on appeal of a case tried by a jury, the jurisdiction of this [c]ourt extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings." (internal quotation marks omitted)).

As to Issues 2, 3, 4, and 5: *Home Builders Ass'n of S.C. v. Sch. Dist. No. 2 of Dorchester Cnty.*, 405 S.C. 458, 460, 748 S.E.2d 230, 231 (2013) ("A judgment on the pleadings shall be granted where there is no issue of fact raised by the complaint that would entitle the plaintiff to judgment if resolved in plaintiff's favor." (internal quotation marks omitted)); *Hambrick v. GMAC Mortg. Corp.*, 370 S.C. 118, 122, 634 S.E.2d 5, 7 (Ct. App. 2006) (explaining this court applies the same standard of review as the trial court when reviewing a trial court's grant of judgment on the pleadings); *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54-55, 463 S.E.2d 85, 88 (1995) ("A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. . . . In most instances, a negligence action will not lie when the parties are in privity of contract."); *Simmons v. Tuomey Reg'l Med. Ctr.*, 341 S.C. 32, 39, 533 S.E.2d 312, 316 (2000) ("If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law.").

As to Issues 6 and 7: *Vinson v. Hartley*, 324 S.C. 389, 407, 477 S.E.2d 715, 724 (Ct. App. 1996) ("A party seeking amendment of a verdict must lay a proper foundation by a motion for a new trial."); *id.* ("An objection that damages are inadequate must be raised in a motion for a new trial or the objection is waived and cannot be argued on appeal."); *id.* ("*Any* question affecting the verdict should be raised by a motion for a new trial.").

As to Issue 8: Rule 54(d), SCRCP ("A motion for costs, supported by an affidavit that the costs are correct and were necessarily incurred in the action, may be filed by the prevailing party within 10 days of the receipt of written notice of the entry of final judgment.").

As to Issues 9 and 10: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Wells v. Halyard*, 341 S.C. 234, 239-40, 533 S.E.2d 341, 344 (Ct. App. 2000) (upholding a trial court's jury charge when the record was devoid of an appellant's request for a particular charge or the language of the proposed charge the appellant contended the trial court refused to give).

As to Issues 11, 12, 13, 14, and 15: *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must

have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

As to Issue 16: *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("[W]here an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.