**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Alan Grubb, Roberta Elizabeth Vogt, Eleanor Hare, Derek Hodgin, Katherine Lee Schwennsen, Linda Gahan, and Virginia Carner, Respondents,

v.

The City of Clemson and The Board of Architectural Review, Tom Winkopp, William E. Dukes, and Monica Zeilinski, Defendants,

Of whom Tom Winkopp is the Appellant.

Appellate Case No. 2014-001771

———————

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-025
Submitted December 1, 2015 – Filed January 20, 2016

———————

**AFFIRMED**

———————

Thomas W. Traxler, of Carter, Smith, Merriam, Rogers & Traxler, P.A., of Greenville, for Appellant.

Robert T. Lyles, Jr. and Marshall Taylor Austin, both of Lyles & Lyles, LLC, of Charleston, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007) ("In deciding a motion to dismiss pursuant to 12(b)(6), SCRCP, the [circuit] court should consider only the allegations set forth on the face of the plaintiff's complaint."); *FOC Lawshe Ltd. P'ship v. Int'l Paper Co.*, 352 S.C. 408, 412, 574 S.E.2d 228, 230 (Ct. App. 2002) ("A [court] may dismiss a claim when the defendant demonstrates the plaintiff's 'failure to state facts sufficient to constitute a cause of action' in the pleadings filed with the court." (quoting Rule 12(b)(6), SCRCP)); *id.* at 413, 574 S.E.2d at 230 ("All properly pleaded factual allegations are deemed admitted for the purposes of considering a motion for judgment on the pleadings."); *Hambrick v. GMAC Mortg. Corp.*, 370 S.C. 118, 122, 634 S.E.2d 5, 7 (Ct. App. 2006) ("This court applies the same standard of review implemented by the circuit court."); *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."); *First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 74, 451 S.E.2d 907, 914 (Ct. App. 1994) ("An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process."); *Hainer v. Am. Med. Int'l., Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997) ("There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.