THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Eric A. Autenrieth and Lisa Autenrieth, Appellants,
v.
Curtis J. Lollis, Robert A. Baldree and
 Excell Investments, Inc., a South Carolina Corporation, Respondents.
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2011-UP-392
Submitted June 6, 2011  Filed August 18,
 2011 

AFFIRMED AND REMANDED

 
 
 
Harold P. Threlkeld, of Anderson, for Appellants.
Wendell L. Hawkins, of Greer, for Respondents.
 
 
 

PER CURIAM:  Eric and Lisa Autenrieth (the Autenrieths)
 appeal from the trial court's order granting summary judgment to Curtis Lollis,
 Robert Baldree, and Excell Investments, Inc. (collectively, Respondents).  The
 Autenrieths argue the court erred in granting summary judgment to Respondents
 because (1) there are issues of fact for the jury to decide on their causes of
 action in unjust enrichment and conversion; (2) they are entitled to
 prejudgment interest; (3) they are entitled to attorney's fees; and (4) there
 are questions of fact about the identity of Respondents.  We
 affirm[1] and remand the case to the trial court for a hearing on damages.[2]
1.  The Autenrieths entered into a
 construction contract with Respondents to build a home for them for $665,950. 
 Simultaneously with the execution of the contract and prior to construction,
 the Autenrieths paid Respondents $33,297.50 to be used to begin construction of
 their home.  However, the next month, the Autenrieths told Respondents they no
 longer wanted to continue with the construction of their home and demanded an accounting
 and refund of all unearned funds from Respondents.  The Autenrieths claim
 Respondents only sustained $6,800 in damages because of their breach of
 contract, and they are entitled to a return of the remainder of the earnest
 money.  They assert Respondents will be unjustly enriched if Respondents retain
 more of their earnest money than they are entitled to retain.  However, the
 Autenrieths had a contract with Respondents and they paid Respondents pursuant
 to the contract, which they then breached.  Thus, we find the trial court
 correctly granted Respondents' motion for summary judgment on this cause of
 action.  See Dema v. Tenet Physician Servs.-Hilton Head, Inc.,
 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) (stating unjust enrichment is an
 equitable doctrine that permits a plaintiff to recover benefits or money that,
 in justice and equity, belongs to him or her and a defendant has retained at
 the expense of the plaintiff); Earthscapes Unlimited, Inc. v. Ulbrich,
 390 S.C. 609, 616, 703 S.E.2d 221, 225 (2010) (noting absent an express
 contract, our courts have recognized quantum meruit, based on quasi-contract,
 as an equitable doctrine to allow recovery for unjust enrichment); Gignilliat
 v. Gignilliat, Savitz & Bettis, L.L.P., 385 S.C. 452, 467, 684 S.E.2d
 756, 764 (2009) (holding to prevail on a cause of action for quantum meruit, a
 plaintiff must show (1) a benefit was conferred by the plaintiff upon the
 defendant; (2) realization of that benefit by the defendant; and (3) retention
 of the benefit by the defendant under circumstances that make it inequitable
 for him to retain it without paying its value); id. (requiring the
 plaintiff to prove actual damages resulting from the wrongful retention of
 benefits by the defendant).  
2.  The Autenrieths claim they are
 entitled to have all funds in excess of $6,800 returned to them and allege Respondents'
 refusal to return the funds constitutes conversion.  However, the record
 reveals no evidence Respondents wrongfully assumed and exercised the right of
 ownership over the Autenrieths' money.  Pursuant to the construction contract,
 the Autenrieths were required to pay Respondents five percent as a down
 payment.  In his deposition, Eric Autenrieth testified he voluntarily gave
 Respondents the money to enter into the contract and use as a first draw to
 begin building his home.  He further testified that Respondents would not have
 begun to build the home had he not paid them the money, and he wanted them to
 begin building his home at that time.  He also admitted he unilaterally
 terminated the contract, and Respondents did not agree to the termination. 
 Additionally, at the hearing on the Autenrieths' motion for reconsideration, the
 Autenrieths' attorney conceded they breached the contract.  Therefore, the Autenrieths
 did not have title or right to possession of the property at the time of the
 alleged conversion, as required to establish a cause of action for conversion. 
 Thus, we find the trial court correctly granted Respondents' motion for summary
 judgment on this claim.  See Moore v. Benson, 390 S.C. 153, 162,
 700 S.E.2d 273, 278 (Ct. App. 2010) (defining conversion as the unauthorized
 assumption and exercise of the rights of ownership over goods or personal
 chattels belonging to another, to the alteration of their condition or to the
 exclusion of the rights of the owner); Jenkins v. Few, 391 S.C. 209,
 218, 705 S.E.2d 457, 461 (Ct. App. 2010) (stating that conversion may arise by
 illegal use or misuse, or by illegal detention of another's chattel); Mackela
 v. Bentley, 365 S.C. 44, 48, 614 S.E.2d 648, 650 (Ct. App. 2005) (holding a
 plaintiff may prevail upon a claim for conversion by showing the unauthorized
 detention of the property, after a demand); Gignilliat, 385 S.C. at 465,
 684 S.E.2d at 763 (requiring a plaintiff to establish either title to or right
 to the possession of the personal property at the time of the conversion to
 establish the tort of conversion); Mackela, 365 S.C. at 48, 614 S.E.2d
 at 650 ("A plaintiff's claim for conversion fails where the defendant
 proves a legal right to the property.").
3.  The Autenrieths assert the
 contract was signed by Respondent Curtis Lollis, on behalf of Excell Builders,
 which is not a legal entity.  Thus, they assert it is a question of fact as to the
 identity of Excell Builders.  In his deposition, Eric Autenrieth testified that
 when he purchased his lot, he was given a list of approved builders that listed
 Excell Builders as a builder, and he thought Excell Builders was a
 corporation.  The top of the construction contract was titled, "Excell
 Builders Construction Contract," and it was signed by Curt Lollis, as
 Excell Builders.  Additionally, when asked about Defendants' Exhibit 3, which
 was not provided in the record on appeal, Eric Autenrieth testified the
 document listed Curt Lollis as Vice President of Excell Builders, and Lollis
 was not acting in his individual capacity.  Therefore, the Autenrieths did not
 present any evidence that revealed they believed they were dealing with any of
 the officers of Excell Builders in their individual capacity rather than as a
 corporation.  Thus, we find the trial court did not err in dismissing Lollis
 and Baldree individually from the action.    
4.  We need not address the
 Autenrieths' remaining arguments pertaining to prejudgment interest and
 attorney's fees because we affirm the trial court's order granting summary
 judgment to Respondents on the Autenrieths' causes of action for unjust
 enrichment and conversion.  See Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an
 appellate court need not review remaining issues when its determination of
 another issue is dispositive of the appeal).
AFFIRMED AND REMANDED.
SHORT, KONDUROS, and GEATHERS, JJ., concur. 

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  In the trial court's order finding Respondents were entitled to judgment as a
 matter of law on Respondents' counterclaims, the court stated the amount of
 damages due to Respondents would be ascertained by a subsequent damages hearing.