764 P.2d 352

**Dean HARTSOCK and Stephanie Hartsock, husband and wife, as next friends of Michael Hartsock; Dean Hartsock, individually; and Stephanie Hartsock, individually, Plaintiffs/Appellants,**

v.

**Renee BANDHAUER, a single woman, Defendant/Appellee.**

No. 2 CA–CV 88–0205.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 31, 1988.

**592**

Hill & Midgley by Scott K. Midgley and Barry J. Klinckhardt, Phoenix, for plaintiffs/appellants.

Stidham & Associates by Patricia L. Stidham, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

In this dog bite case, the sole issue is the appropriateness of the court's granting of the dog owner's motion for summary judgment. We affirm.

Appellants Michael Hartsock, age seven and a half, and his parents lived next door to the appellee Renee Bandhauer in November 1986. Their backyards were separated by a common six-foot high wooden fence composed of vertical slats with horizontal railings. Appellee owns three dogs which she kept in her backyard. Michael and some friends were playing soccer in his front yard when one of his friends kicked Michael's ball over the fence into appellee's backyard. Michael went to appellee's house and knocked on her front door but no one was home. Michael then went through his house to his backyard, climbed up the fence and put his leg over it onto appellee's side of the fence. As he was putting his leg down on the rail, one of appellee's dogs pulled him into the yard, and all three dogs bit him, causing serious injuries.

The dogs had never bitten anyone before and, other than hearing them bark, the Hartsock family had experienced no problems with the dogs. Prior to the incident, appellee had instructed the children in the neighborhood that if they threw a ball into her yard, they should tell her and she would retrieve the ball for them.

Michael and his parents filed a two-count action for damages, one which alleged violation of A.R.S. § 24–521 and one based on negligence. The court granted appellee's motion for summary judgment. Appellants contend that material questions of fact exist which precluded entry of summary judgment.

In ruling upon a motion for summary judgment, the court cannot resolve factual issues and must view all facts and inferences in the light most favorable to the party

opposing the motion. *Joseph v. Markovitz*, 27 Ariz.App. 122, 551 P.2d 571 (1976). However, when there are no material issues of fact, entry of summary judgment is proper. *Jabczenski v. Southern Pacific Memorial Hospitals*, 119 Ariz. 15, 579 P.2d 53 (App.1978).

## STATUTORY VIOLATION

Appellants contend that a fact question exists as to whether Michael was a trespasser on appellee's property at the time he was bitten and as to whether Michael was privileged to enter appellee's property. Appellants also contend that even if Michael were a trespasser, fact questions exist as to whether appellee should be liable under the attractive nuisance doctrine.

Arizona's dog bite statutes provide as follows:

§ 24-521. The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

§ 24-522. A person is lawfully in or on the private property of the owner of a dog within the meaning of this article when an invitee or guest, or when in the performance of a duty imposed upon him by law of the state or United States, or by ordinances of a municipality in which such property is located.

Appellants contend that because Michael was straddling the common fence separating the two properties and one of appellee's dogs jumped up, grabbed his pant leg and pulled him into appellee's yard, a fact question exists as to whether he was trespassing. Michael testified at his deposition that he intended to go into appellee's yard to retrieve the soccer ball and that he knew the dogs were in the yard. Contrary to appellants' assertions that Michael was only "getting ready to put his leg down over the fence," he clearly testified that his leg was on appellee's side of the fence when the dog grabbed him.

Appellants insist that Michael cannot be classified as a trespasser under Restatement (Second) of Torts § 166 (1965). We do not see how that section is applicable. It provides that an actor who unintentionally and non-negligently enters on another's land is not liable for any harm which might result to the landowner or his land. No one is attempting to hold Michael liable for anything in this case; in fact, the opposite is true. Even if the section were otherwise applicable, however, it would not assist Michael since he testified that he intended to enter appellee's property. We find no fact question on whether Michael was a trespasser.

Next, appellant contends that he had a "privilege" to enter appellee's property to retrieve the ball, citing § 198 of the Restatement, which provides in part as follows:

(1) One is privileged to enter land in the possession of another, at a reasonable time and in a reasonable manner, for the purpose of removing a chattel to the immediate possession of which the actor is entitled, and which has come upon the land otherwise than with the actor's consent or by his tortious conduct or contributory negligence.

Appellants contend that because another boy kicked the ball into appellee's yard and because no one was home at appellee's house, Michael was privileged to enter the backyard in order to retrieve the ball.

Although there is no dispute that Michael was entitled to possession of his ball, there is no indication why he was entitled to *immediate* possession of it. However, it is clear that the ball had landed in appellee's yard with Michael's consent because it was his ball and he was voluntarily engaged in a soccer game with his friends in his front yard. There is no support for the contention that Michael was privileged to go into appellee's backyard. There is no question that he did not have her express permission to enter her backyard, and nothing in the dog bite statutes creates such a privilege.

Finally, appellants contend that even if Michael was a trespasser without any privilege to be on appellee's property, a fact issue exists as to whether appellee can be held liable under the attractive nuisance theory. The only duty owed by a landowner to a trespasser is not to willfully or wantonly injure him. *Barnhizer v. Paradise Valley Unified School District*, 123 Ariz. 253, 599 P.2d 209 (1979). However, an exception exists for trespassing children under the attractive nuisance doctrine set forth in § 339 of the Restatement. The pertinent portions of § 339 provide as follows:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> \*　\*　\*　\*　\*　\*
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it. . . .

■ We find no merit to appellants' contention that the dogs constituted "an artificial condition" on appellee's land and that appellee should have chained the dogs in her yard so as to avoid an incident of this type. Michael testified that he was afraid the dogs might bite him, but he put his leg over the fence anyway. Thus, his own testimony shows that he appreciated the danger of putting his leg into appellee's yard.

As this court noted in *Church of Jesus Christ of Latter Day Saints v. Superior Court*, 148 Ariz. 261, 262, 714 P.2d 431, 432 (App.1985), the attractive nuisance doctrine is "limited to dangerous conditions which could not be understood or appreciated by a youthful plaintiff." The court also quoted comment m to § 339 of the Restatement, a comment which we find applicable here. That comment reads as follows:

> [T]he possessor [of land] is not subject to liability to a child who in fact discovers the condition and appreciates the full risk

involved, but none the less chooses to encounter it out of recklessness or bravado.

*Id.* at 204. The facts in this case are unlike those in *Clarke v. Edging*, 20 Ariz.App. 267, 512 P.2d 30 (1973).

We agree with the trial court that no material facts exist to preclude the granting of the motion for summary judgment on the statutory violation count.

## COMMON LAW NEGLIGENCE

■ Appellants contend that a fact question was presented on the negligence count on the issue of whether appellee as a possessor of domestic animals knew or had reason to know that the animals had dangerous propensities abnormal to their class. The basis of appellants' argument was testimony by appellee's son that the dogs occasionally fought with each other and would snarl, growl and bite each other. Appellants also cite the son's testimony that appellee herself had warned the neighborhood children not to come in the yard because the dogs might bite them.

In *James v. Cox*, 130 Ariz. 152, 634 P.2d 964 (App.1981), a dog bite case, the court affirmed a directed verdict on a common law count because the evidence failed to show that the dog, who had also never bitten anyone, had dangerous propensities. We find the evidence presented by appellants insufficient to show that appellee's dogs had dangerous propensities abnormal to their class.

AFFIRMED.

ROLL, P.J., and LACAGNINA, C.J., concur.