### 1612

Jessica Lee Ann MITCHELL, a minor child under the age of fourteen (14) years, by her guardian ad litem, Debra MITCHELL, Respondent v. Harold BAZZLE and Brad Peebles, individually and d/b/a Village Hills Mobile Home Park, Defendants, of whom Brad Peebles, individually and d/b/a Village Hills Mobile Home Park, is Appellant. Appeal of Brad PEE-BLES, individually and d/b/a Village Hills Mobile Home Park.

(404 S.E. (2d) 910)

Court of Appeals

---

*Harold P. Threlkeld,* Anderson and *Herman E. Cox,* Greenville, *for appellant.*

*Tom W. Dunaway, III,* Anderson, *for respondent.*

*Bruce A. Byrholdt,* Anderson, *for defendants.*

Heard Dec. 5, 1990.

Decided Feb. 25, 1991.

GARDNER, Judge:

This case presents the issue, novel to South Carolina, of whether a landlord is liable for injuries caused by a tenant's dog's biting the plaintiff. Jessica Mitchell (Jessica) sued Harold Bazzle, her neighbor, and Brad Peebles, the landlord of Village Hills Mobile Home Park for injuries she received when she was bitten by Bazzle's dog. The jury awarded Jessica $5,000 actual damages against both Bazzle and Peebles and $20,000 punitive against Peebles. The trial judge denied Peebles' motions for a directed verdict and judgment n.o.v. Only Peebles appeals. We reverse and remand.

## ISSUE

The sole issue is whether the trial judge erred in holding that a landlord is liable for the injuries caused by a tenant's dog when the landlord knew of the vicious propensities of the animal and had the right to cancel the dog owner's month-to-month lease prior to the attack.

## FACTS

John Bradford Peebles, erroneously named Brad Peebles in the complaint and title to this cause, is one of the owners of Depo Repo, Inc., which owns 42 lots in a subdivision known as Pendleton Village in Pendleton, South Carolina. The 42 lots owned by Depo Repo, Inc., were known as Village Hills Mobile Home Park. Peebles managed the affairs of Depo Repo, Inc., including Village Hills Mobile Home Park, and for the purposes of this action is to be considered the landlord of Harold Bazzle, one of the tenants in the mobile home park. Each of the lots was approximately 100 feet by 100 feet in size and on many of them a mobile home was located. Some of the mobile homes were owned by Depo Repo, Inc., and were

rented on a month-to-month basis. Jessica, a minor, lived with her mother, Debra Mitchell, who had rented one of the mobile homes from Depo Repo, Inc. Harold Bazzle, who owned a dog which was part German Shepherd and part Great Dane, also leased a lot and mobile home from Depo Repo, Inc. Bazzle confined the dog inside a four foot high chain-link fence. Tom Dooley rented the lot between Bazzle's lot and Debra Mitchell's lot.

On April 28, 1986, Jessica, then age six, was playing in Tom Dooley's backyard when Bazzle's dog jumped the fence and bit her. Jessica was seriously injured by the attack.

Viewed in a light most favorable to Jessica, the record indicates that (1) Peebles knew that Bazzle's dog was vicious, (2) Peebles knew of the dog's dangerous propensities and could have foreseen the injury to Jessica, (3) Peebles had adequate time to terminate Bazzle's thirty-day tenancy before Jessica was attacked and (4) Peebles failed to terminate Bazzle's lease. The clear question presented by this appeal is whether at the time of the attack the law of South Carolina imposed a duty on Peebles to Jessica to terminate Bazzle's month-to-month lease in order to remove Bazzle's dog from the land. If it did, the verdict against Peebles must stand. If it did not, the verdict against Peebles must be reversed.

## DISCUSSION

We hold that the trial judge's order based upon the law of premises liability as announced in the case of *Uccello v. Laudensiayer*, 44 Cal. App. (3d) 504, 118 Cal. Rptr. 741 (1975),[1] erroneously denied Peebles' motions for directed verdict and judgment n.o.v.

Briefly, *Uccello* holds that a landlord who knows the vicious propensities of a dog and can get rid of the dog by terminating a month-to-month tenancy of the dog's owner is liable to someone bitten by the dog. Liability is predicated upon a California statute which provides that one is liable for an injury occasioned by his want of ordinary care or skill in the management of his property. At the time Jessica was bitten, South Carolina did not have a statute similar to the California statute upon which *Uccello* was based.

[1] *Uccello* is the lead case of an A.L.R. annotation. *See* 81 A.L.R. (3d) 628 (1977).

The attack occurred prior to the Governor's signing of the South Carolina Residential Landlord and Tenant Act (RLTA), codified as S.C. Code Ann. § 27-40-10 to -940 (Supp. 1989). The RLTA, therefore, is not applicable; thus, we must look to the common law as it existed prior to the statute. Before the RLTA, the Supreme Court of this state held that the relationship of landlord and tenant, by itself, imposed to legal duty on the part of a landlord to repair and keep in safe condition leased residential premises under the control of the tenant. *Connor v. Farmers and Merchants Bank;* 243 S.C. 132, 182 S.E. (2d) 385 (1963).

We realize that a landowner must use his land in such a way as not to injure adjoining landowners. 2 C.J.S. *Adjoining Landowners* § 2 (1972); 1 Am. Jur. (2d) *Adjoining Landowners* § 2 (1982). But, after very careful research, except for *Uccello*, we find no authority imposing vicarious liability upon a landowner for the injuries caused by a tenant's dog. Furthermore, we find no authority imposing liability upon a landlord based upon a theory of negligent rental or entrustment of land, and Jessica cites no authority for either proposition other than *Uccello*.

## CONCLUSION

Since at the time of the attack South Carolina did not have a statute similar to the California statute upon which *Uccello* was based, we hold that we are not bound by *Uccello*. The facts of the case before us occurred prior to the effective date of the RLTA. As noted, the case law prior to the enactment of the RLTA imposes to legal duty on the part of the landlord to keep in repair and safe condition leased rental premises under the control of his tenant. Moreover, we find no authority, either in statute or in common law, in this state supporting the proposition of negligent leasing or entrustment of real estate.

Accordingly, the judgment against Peebles is reversed and the case is remanded for purposes of entering judgment in accordance with this decision.

Reversed and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.