513 S.E.2d 616

**Rochelle FAIR, Individually and as Mother
and Natural Guardian of Ashley Marie
Poland, a Minor, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 24905.**

Supreme Court of South Carolina.

Heard Dec. 1, 1998.

Decided Feb. 22, 1999.

James B. Richardson, Jr., of Svalina, Richardson & Larson, of Columbia; Daniel A. Larson, of Svalina, Richardson & Larson, of Beaufort; and J. Brent Kiker, of Kiker & Douds, P.A., of Beaufort, for plaintiff.

United States Attorney J. Rene Josey, and Assistant United States Attorney John H. Douglas, of Charleston, for defendant.

MOORE, Justice:

Plaintiff brought this action in federal district court to recover for injuries her daughter sustained when she was attacked by a dog. The attack occurred on another tenant's premises at the Marine Corps Air Station in Beaufort, South Carolina. We are asked to answer the following certified question:

Does the South Carolina Residential Landlord and Tenant Act overrule *Mitchell v. Bazzle*, 304 S.C. 402, 404 S.E.2d 910 (Ct.App.1991), so that a landlord, having actual or constructive notice of the presence of a dangerous dog on leased premises, may be responsible for injuries inflicted by that dog upon another tenant invited upon the premises under § 27–40–440(a)(2) of that Act?

## DISCUSSION

In *Mitchell v. Bazzle*,[1] our Court of Appeals held a landlord is not liable to a tenant's invitee for injuries inflicted by the tenant's dog.[2] Because the Residential Landlord and

---

1. This Court dismissed certiorari as improvidently granted. 306 S.C. 407, 412 S.E.2d 416 (1991).

2. In refusing to find liability, the Court of Appeals declined to adopt the analysis of a California case, *Uccello v. Laudenslayer*, 44 Cal.App.3d

Tenant Act (RLTA) had not been enacted at the time the cause of action arose in that case, the Court of Appeals did not apply it. Plaintiff claims that enactment of RLTA, specifically subsection (a)(2) of S.C.Code Ann. § 27–40–440 (1991), changed the common law rule stated in *Mitchell v. Bazzle.* We disagree.

Section 27–40–440(a)(2) provides "a landlord shall ... make all repairs and do whatever is reasonably necessary to put and keep the premises in a *fit and habitable* condition." (emphasis added). Other courts have held this "fit and habitable" provision, which originates from the Uniform Landlord and Tenant Act, imposes a duty on the landlord relating only to the *physical* state of the premises. *Newton v. Magill,* 872 P.2d 1213 (Alaska 1994); *Rodgers v. Rosen,* 737 P.2d 562 (Okla. 1987); *see also Walls v. Oxford Management Co.,* 137 N.H. 653, 633 A.2d 103 (1993) (implied warranty that premises are habitable and fit for living includes only structural defects).

Further, S.C.Code Ann. § 27–40–510(2) (1991), another section of the RLTA, imposes a corresponding duty on the *tenant* to "keep the dwelling unit and that part of the premises that he uses *reasonably safe* and reasonably clean." (emphasis added). As noted by the *Newton* court in construing similar provisions based on the Uniform Residential Landlord and Tenant Act, these separate statutory duties of a landlord and tenant are reconciled by holding the landlord's duty applies to the inherent physical qualities of the premises whereas the tenant is responsible for other safety concerns on the premises. 872 P.2d at 1217.

We construe § 27–40–440(a)(2) in conjunction with § 27–40–510(2) and hold that under the RLTA, a landlord may be held liable only for defects relating to the inherent physical state of the leased premises. Accordingly, we answer the certified question as follows: The "fit and habitable" provision of the RLTA found in § 27–44–40(a)(2) does not alter the common

504, 118 Cal.Rptr. 741 (1975). *Uccello* found as a matter of *public policy* that a landlord who has notice and right to control a tenant's possession of a vicious animal may be liable for injuries to the tenant's invitee caused by the animal.

law rule that a landlord is not liable to a tenant's invitee for injury caused by a tenant's dog.

**CERTIFIED QUESTION ANSWERED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.