714 S.E.2d 542

**Theresa Charlene CLEA, individually and as Guardian ad Litem for Trevon C., a minor under 18 years of age, Appellant,**

**v.**

**Lana ODOM, Personal Representative of the Estate of Edward Carter and Essix Shannon, Respondents.**

**No. 27029.**

Supreme Court of South Carolina.

Heard May 3, 2011.

Decided Aug. 22, 2011.

176

Stephen Benjamin Samuels, of Samuels Law Firm, of Columbia, for Appellant.

Adam Tremaine Silvernail, of Law Office of Adam T. Silvernail, of Columbia, for Respondents.

Justice PLEICONES.

Appellant filed suit to recover for personal injuries sustained by her son (Trevon) after he was bitten by respondent Essix Shannon's dog.[1] The circuit court granted summary judgment in favor of respondent. We affirm in part and reverse in part, finding there is a material question of fact whether the landlord is liable under the theories of strict liability and common law negligence.

## FACTS

Respondent owned an apartment complex consisting of two buildings. Shannon, one of respondent's tenants, owned a dog that he kept chained to a tree in a common area near the back of the complex. At the time of the incident, Shannon had kept the dog chained to the tree for nearly ten years. Shannon never kept the dog inside of his apartment. According to Shannon, respondent would occasionally "come over there and sit down and . . . give [the dog] a little—a handful [of food], sit and play with him." Respondent never otherwise cared for the dog.

On the day of the incident, appellant had taken her three children to visit her sister, who lived at the apartment complex. Appellant's aunt also lived in the apartment complex in the building opposite appellant's sister's residence. At some point during the day, appellant agreed to take her aunt to the store and began walking with her three children to the aunt's building. As she walked, appellant was carrying her baby and talking on a cordless phone. As they approached the aunt's apartment, two-year-old Trevon saw the dog and ran over to it. The dog ran to the end of its chain and began attacking Trevon. Neither Shannon nor respondent were present at the complex at the time of the incident. Trevon suffered numer-

---

1. Appellant settled the case with respect to respondent Shannon. Shannon's co-defendant, Edward Carter, died after the action was instituted. Although the personal representative of Carter's estate is technically the respondent here, for simplicity, we refer to Carter himself as "respondent."

ous injuries, for which his medical bills totaled approximately $17,000.

After the incident, appellant discovered the dog had previously attacked a six-year-old-boy. Appellant's sister told her respondent had threatened to require Shannon get rid of the dog after the previous attack, but never did so.

Appellant instituted this action, arguing respondent was liable for Trevon's injuries under three theories: (1) strict liability under S.C.Code Ann. § 47–3–110 (1987); (2) common law negligence; and (3) attractive nuisance. The circuit court granted summary judgment in favor of respondent as to all causes of action.

## ISSUES

I.   Did the circuit court err in granting summary judgment in favor of respondent as to appellant's strict liability claim?

II.  Did the circuit court err in granting summary judgment in favor of respondent as to appellant's common law negligence claim?

III. Did the circuit court err in granting summary judgment in favor of respondent as to appellant's attractive nuisance claim?

## STANDARD OF REVIEW

When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court. *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of material fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Fleming,* 350 S.C. at 493–94, 567 S.E.2d at 860.

## I. *Strict Liability*

Appellant first argues the circuit court erred in granting summary judgment in favor of respondent as to appellant's strict liability claim. We agree.

Our state's "dog bite" statute imposes strict liability against the owner of the dog or any other person having the dog in its care or keeping:

> Whenever any person is bitten or otherwise attacked by a dog while the person is in a public place or is lawfully in a private place, including the property of the owner of the dog or other person having the dog in his care or keeping, the owner of the dog **or other person having the dog in his care or keeping** is liable for the damages suffered by the person bitten or otherwise attacked.

S.C.Code Ann. § 47–3–110 (1987) (emphasis supplied).

"The Legislature's use of the phrase 'care or keeping' clearly requires that the 'other person' act in a manner which manifests an acceptance of responsibility for the care or keeping of the dog." *Harris v. Anderson County Sheriff's Office*, 381 S.C. 357, 364, 673 S.E.2d 423, 427 (2009). "To this degree, the Legislature retained the common law principle of duty in determining the liability of the 'other person.' " *Id.* The presence or absence of a duty determines liability in situations that involve a statutory claim against a person having the dog in his care or keeping. *Id.* at 365, 673 S.E.2d at 427. There are three scenarios under § 47–3–110 when the attack is unprovoked and the injured party is lawfully on the premises:

> First, the dog owner is strictly liable and common law principles are not implicated. Second, a property owner is liable when he exercises control over, and assumes responsibility for, the care and keeping of the dog. Third, a property owner is not liable under the statute when he has no control of the premises and provides no care or keeping of the dog.

*Id.* at 365–66, 673 S.E.2d at 427.

The circuit court granted summary judgment in favor of respondent as to appellant's claim for strict liability, finding respondent was neither the dog's owner, nor was the dog in respondent's care or keeping.

■ We find the circuit court erred in granted summary judgment in favor of respondent as to the strict liability claim. Because respondent was not the dog's owner, in order to be liable as a property owner, respondent would have to have exercised control over the premises and assumed some duty to care for or keep the dog before liability could attach. *Harris, supra.* It is clear respondent exercised exclusive control over the common area where the dog was kept. Moreover, viewing the evidence in the light most favorable to appellant, we find there was a genuine issue of material fact whether respondent assumed responsibility for the keeping of the dog. *Fleming, supra.* Respondent knew the dog was chained to the tree in the common area over which he had control. Because the dog was continuously kept in this area, we find there was a genuine issue of material fact whether respondent had the dog in his keeping and reverse the circuit court's grant of summary judgment as to appellant's strict liability claim. *Cf. Nesbitt v. Lewis,* 335 S.C. 441, 517 S.E.2d 11 (Ct.App.1999) (partial owner of the residence at which a minor child was attacked by dogs who had not lived at the residence for over five years and did not care for the dogs did not owe a duty to the injured child because she lacked possession over the house and the dogs).

## II. *Common law negligence*

■ Appellant also argues the circuit court erred in granting summary judgment in favor of respondent on appellant's claims of common law negligence. Specifically, appellant argues the circuit court erred in dismissing her complaint on the basis that a landlord is not liable for injuries caused by a tenant's dog kept on leased property. We agree.

■ Under the common law of our state, a landlord is not liable to a tenant's invitee for injuries inflicted by an animal kept by a tenant on leased property. *See Gilbert v. Miller,* 356 S.C. 25, 586 S.E.2d 861 (Ct.App.2003) (circuit court granted summary judgment on negligence claim, finding landlord was not liable where one tenant's dog attacked another tenant); *see also Bruce v. Durney,* 341 S.C. 563, 534 S.E.2d 720 (Ct.App.2000) (landlord was not liable where a dog kept on tenant's leased property bit a child).

In *Fair v. United States of America*, 334 S.C. 321, 513 S.E.2d 616 (1999), the Court discussed whether the Residential Landlord Tenant Act (RLTA) altered the common law rule that a landlord is not liable to a tenant's invitee for an injury caused by a tenant's dog. The Court held that under the "fit and habitable"[2] provision of the RLTA, a landlord is liable only for defects relating to the inherent physical state of the leased premises. *Fair*, 334 S.C. at 323–24, 513 S.E.2d at 617. The Court therefore held the RLTA does not alter the common law rule. *Id.*

The RLTA further provides that a landlord shall "keep all common areas of the premises in a reasonably safe condition...." S.C.Code Ann. § 27–40–440(a)(3) (2007).

Whether a landlord can be liable for injuries inflicted upon an invitee or licensee where the attack occurs in the *common area* of an apartment complex, i.e. whether § 27–40–440(a)(3) alters the common law rule, is a novel issue in this state. We therefore turn to other jurisdictions for guidance on this issue.

In *Lidster v. Jones*, 176 Ga.App. 392, 336 S.E.2d 287 (Ga. App.1985), the Georgia Court of Appeals reversed the grant of summary judgment as to the appellant's negligence action, holding a landlord could be liable where a tenant's dog bit a child. The appellant alleged the landlord had actual knowledge of the dog's vicious propensities because he knew the dog had previously attacked another child, and that the landlord did nothing to keep the dog out of the complex's common area. The court held that summary judgment was improper because a landlord who retains control over the common areas of a complex to which tenants and others were allowed access had a duty under a statute similar to the RLTA[3] to keep the common areas safe. Further, the court distinguished that case from another case in which the court determined a landlord was not liable because he did not own or maintain the dog that bit the victim, noting that the case did not involve a landlord's obligation to keep the common areas of the leased premises safe.

---

2. S.C.Code Ann. § 27–40–440(a)(2) (2007) ("a landlord shall ... make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition").

3. OCGA § 51–3–1.

In *Gentle v. Pine Valley Apartments,* 631 So.2d 928 (Ala. 1994), the Alabama Supreme Court held the presence of a tenant's vicious dog in a common area constituted a dangerous condition and that a landlord must exercise reasonable care to prevent injuries from such a dangerous condition, but only to the extent he was aware of its existence.

Here, the circuit court found respondent could have no liability for common law negligence because a landlord is not liable for injuries caused by an animal kept by a tenant on leased property. The court further found the fact that the dog was kept in a common area did not affect respondent's liability since "leased property" includes common areas.

We find the circuit court erred in granting summary judgment in favor of respondent as to appellant's common law negligence claims. While it is true that a landlord is typically not liable to someone attacked by a tenant's dog while that person is on the leased property, this case is distinguishable from other cases in our jurisdiction because those cases did not involve attacks occurring in common areas. We find this case is consonant with those cases from other jurisdictions where the landlord could be liable where the attack occurred in a common area. There was evidence respondent had actual knowledge of the dog's vicious propensity as it had previously attacked a child, and respondent failed to remedy the situation. Accordingly, we find the circuit court erred in finding respondent could not be liable for the attack under a common law negligence theory.

### III. *Attractive nuisance*

■ Appellant finally argues the circuit court erred in granting summary judgment in favor of respondent as to appellant's attractive nuisance claim. We disagree.

■ The attractive nuisance doctrine provides that where the owner or occupier of land brings or artificially creates something which, from its nature, is especially attractive to children, he is bound to take reasonable pains to see that the dangerous thing is so guarded that children will not be injured in coming into contact with it. *Henson ex rel. Hunt v. International Paper Co.,* 374 S.C. 375, 381, 650 S.E.2d 74, 77 (2007).

The circuit court found there was no genuine issue of material fact as to whether the presence of the dog in the common area constituted an attractive nuisance. Specifically, the circuit court found the presence of the dog was not an "artificial condition" on the land.

Whether a dog can be considered an "artificial condition" for the purposes of determining a property landowner's liability under the attractive nuisance theory is a novel issue in this state. We are persuaded by the jurisprudence of several other states that have determined dogs and other domesticated animals cannot be considered an artificial condition. *See Hartsock v. Bandhauer,* 158 Ariz. 591, 764 P.2d 352 (Ariz.App. 1988) (dogs are not considered an "artificial condition" as required for liability under the attractive nuisance doctrine); *see also Aponte v. Castor,* 155 Ohio App.3d 553, 802 N.E.2d 171 (Ohio App.2003) (finding no authority in Ohio law that establishes a horse is an artificial condition); *Gonzales v. Wilkinson,* 68 Wis.2d 154, 227 N.W.2d 907 (Wis.1975) (a dog cannot qualify as an attractive nuisance because "[a]lthough such a condition need not be permanently erected upon the land, it must be 'artificially construed.' ").

We hold the circuit court properly found a dog cannot be considered an "artificial condition" under an attractive nuisance theory.

## *CONCLUSION*

We find the circuit court erred in granting summary judgment as to appellant's strict liability and common law negligence claims. We find the circuit court properly granted summary judgment as to appellant's attractive nuisance claim. Accordingly, the circuit court's order is

**AFFIRMED IN PART AND REVERSED IN PART.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.