THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sharon Harwell, Appellant,
 
 
 

v.

 
 
 
 Kendrick
 Cumbee, Patrick Cumbee, and Pamela S. Laury, Defendants,
 Of Whom Pamela
 S. Laury is, Respondent.
 
 
 

Appeal From Richland County
 J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No.   2012-UP-150
 Heard February 15, 2012  Filed March 7,
2012

AFFIRMED

 
 
 
 Paige Blair George, of Columbia, for Appellant.
 Robert A. McKenzie, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellant
 Sharon Harwell appeals from an order of the circuit court granting Respondent
 Pamela S. Laury's motion for summary judgment on causes of action related to
 injuries Harwell suffered from a dog bite.  On appeal, Harwell argues the trial
 court erred by failing to (1) address her cause of action for negligence; (2)
 address her argument that Laury's property was not in a fit and habitable
 condition because it was unfenced; (3) interpret the legislative intent of the
 statute providing liability for dog bites; and (4) permit a cause of action for
 negligent leasing or entrustment of real property.  We find no error of law in
 the trial court's decision to grant summary judgment, and therefore, we affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Nicholson v. Nicholson, 378 S.C. 523, 537, 663 S.E.2d 74, 82 (Ct. App. 2008) ("An
 issue is not preserved where the trial court does not explicitly rule on an
 argument and the appellant does not make a Rule 59(e) motion to alter or amend
 the judgment." (internal quotation marks omitted)); Mitchell
 by Mitchell v. Bazzle,
 304 S.C. 402, 405, 404 S.E.2d 910, 912 (Ct. App. 1991) (holding a landlord is
 not liable under the common law for injuries caused by a tenant's dog, even
 when the landlord knows of the animal's vicious propensities and has the right
 to cancel the tenant's lease); Bruce v. Durney, 341 S.C. 563, 571, 534 S.E.2d 720, 725
 (Ct. App. 2000) (holding a landlord's statutory duty to keep the leased
 premises in a fit and habitable condition applies to the inherent physical
 qualities of the premises and does not alter the common law rule that a
 landlord is not vicariously liable for the actions of a tenant's dog (citation
 omitted)); Clea v. Odom, 394 S.C. 175, 180, 714 S.E.2d 542, 545 (2011) (finding
 a property owner is strictly liable for injuries from a dog bite only when the
 property owner exercises control over, and assumes responsibility for, the care
 and keeping of the dog); Mitchell, 304 S.C. at 405, 404 S.E.2d at 912
 (finding "no authority imposing liability upon a landlord based upon a
 theory of negligent rental or entrustment of land").
AFFIRMED.
PIEPER, KONDUROS,
 and GEATHERS, JJ., concur.