**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Cross, Appellant,

v.

Gregory A. Weaver, Earl E. Weaver, Terrie Fallow and Jason Seagraves, Respondents,

And

Steven P. Cross, Appellant,

v.

Gregory A. Weaver, Earle E. Weaver, Terrie Fallow and Jason Seagraves, Respondents.

Appellate Case No. 2018-001824

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge,

———————

Unpublished Opinion No. 2021-UP-112
Submitted March 1, 2021 – Filed April 7, 2021

———————

**AFFIRMED**

———————

David James Brousseau, of McIntosh, Sherard, Sullivan

& Brousseau, of Anderson, for Appellant John Cross and Appellant Steven P. Cross.

David F. Stoddard, of Anderson, for Respondent Gregory A. Weaver and Respondent Earl E Weaver.

Terrie Fallow, of Anderson, pro se.

Jason Seagraves, of Belton, pro se.

---

**PER CURIAM:**  John Cross and Steven P. Cross (the victims) appeal the circuit court's final order dismissing Gregory A. Weaver and Earl E. Weaver (the landlords) as parties to their negligence actions.  Because the circuit court did not err in finding that the landlords did not owe a duty to protect the victims from a dog owned by Terrie Fallow and Jason Seagraves (the tenants), we affirm the order of dismissal pursuant to Rule 220(b), SCACR, and the following authorities: *Pryor v. Nw. Apartments, Ltd.*, 321 S.C. 524, 528, 469 S.E.2d 630, 632-33 (Ct. App. 1996) (providing that to establish a negligence claim, a plaintiff must establish (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach"); *Jackson v. Swordfish Invs., L.L.C.*, 365 S.C. 608, 612, 620 S.E.2d 54, 56 (2005) ("Whether the law recognizes a particular duty is an issue of law to be determined by the court."); *Mitchell v. Bazzle*, 304 S.C. 402, 405, 404 S.E.2d 910, 912 (Ct. App. 1991) (finding that under the common law, a landlord has no duty to prevent a tenant's dog from inflicting injury on a tenant's invitee, even when the landlord is on notice of the dog's propensity to bite); *Fair v. United States*, 334 S.C. 321, 323-24, 513 S.E.2d 616, 617 (1999) (reaffirming "the common law rule that a landlord is not liable to a tenant's invitee for injury caused by a tenant's dog"); *Jackson*, 365 S.C. at 612, 620 S.E.2d at 56 (holding that a commercial landlord has no duty to protect a commercial tenant's invitee from injury incurred *inside* the leased premises because the leased premises was not an area over which the landlord retained possession or control); *Bruce v. Durney*, 341 S.C. 563, 571, 534 S.E.2d 720, 725 (Ct. App. 2000) ("South Carolina has established that a landlord is not liable for injuries caused by an animal kept by a tenant on leased property.").[1]

---

[1] We note there are two exceptions to the traditional rule of non-liability of landlords: the "affirmative acts" exception and the "common areas" exception.  *See Jackson*, 365 S.C. at 613, 620 S.E.2d at 56 (acknowledging that the "two

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

exceptions to the traditional rule of non-liability of landlords . . . are the 'affirmative acts' exception and the 'common areas' exception").  Neither of these exceptions are applicable here.  First, the landlords did not perform any affirmative acts related to the dog.  *See id.* ("[E]ven where there is no duty to act but the defendant voluntarily undertakes the act, the defendant assumes a duty to use due care.").  Second, because the tenants had exclusive possession and control of the leased property, the location where the tenants' dog attacked the victims was not a "common area."  *See id.* at 613-14, 620 S.E.2d at 56-57 (concluding that the "common areas" exception did not apply because the victim was injured inside the nightclub, where the landlord had no control).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.