**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Katrina Stroman, Respondent/Appellant,

v.

Samuel Jeffords, Appellant/Respondent.

Appellate Case No. 2020-000938

―――――――――――――

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2023-UP-276
Heard May 4, 2023 – Filed August 2, 2023

―――――――――――――

**AFFIRMED**

―――――――――――――

Damon Christian Wlodarczyk, of Riley Pope & Laney,
LLC, of Columbia, for Appellant/Respondent.

Virginia Watson Williams, David Reynolds Williams,
and Charlie Hiram Williams, III, all of Williams &
Williams, of Orangeburg, for Respondent/Appellant.

―――――――――――――

**PER CURIAM:** This is a cross-appeal arising out of a dog bite lawsuit brought
by Katrina Stroman against Samuel Jeffords. On appeal, Jeffords argues the trial
court erred by (1) denying his motion for a directed verdict on strict liability,
mooting the post-trial motion for a new trial; and (2) granting Stroman's motion to

reconsider its *Batson*[1] ruling and ordering a new trial. In her cross-appeal, Stroman argues the trial court erred by (1) granting Jeffords's directed verdict motion on common law negligence because he had the requisite control and knowledge of a dangerous situation under the common law negligence analysis of *Clea*[2] and (2) granting Jeffords's directed verdict motion because she otherwise proved common law negligence beyond a landlord's duties. We affirm.

Weighing the totality of the facts and circumstances in the record, we hold the trial court did not err in granting Stroman's motion for a new trial on the basis of a *Batson* violation. *See RRR, Inc. v. Toggas*, 378 S.C. 174, 182, 662 S.E.2d 438, 442 (Ct. App. 2008) ("The grant or denial of new trial motions rests within the discretion of the circuit court and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *State v. Haigler*, 334 S.C. 623, 628, 515 S.E.2d 88, 90 (1999) ("The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venireperson on the basis of race."); *State v. Blackwell*, 420 S.C. 127, 148, 801 S.E.2d 713, 724 (2017) ("Whether a *Batson* violation has occurred must be determined by examining the totality of the facts and circumstances in the record." (quoting *State v. Shuler*, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001))); *State v. Weatherall*, 431 S.C. 485, 493, 848 S.E.2d 338, 343 (Ct. App. 2020) ("The trial court's findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous." (quoting *Blackwell*, 420 S.C. at 148, 801 S.E.2d at 724)); *id.* at 494, 848 S.E.2d at 343 ("In order to establish a prima facie case of discrimination, the challenging party must show (1) that the prospective juror was a member of a protected group; (2) that the State exercised peremptory challenges to remove members of the group from the jury; and (3) that these facts and other relevant circumstances raise an inference that the State used peremptory challenges to exclude the prospective juror from the jury on account of their group."); *State v. Edwards*, 384 S.C. 504, 508-09, 682 S.E.2d 820, 822 (2009) ("The opponent must show the race or gender neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of another race or gender."); *State v. Cochran*, 369 S.C. 308, 317, 631 S.E.2d 294, 299 (Ct. App. 2006) ("[W]here a strike is based solely on a purported specific demeanor and disposition, and the trial judge makes an express and contrary finding, the deferential clearly erroneous standard of review applies.").

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] *Clea v. Odom*, 394 S.C. 175, 714 S.E.2d 542 (2011).

Because we affirm the grant of a new trial, we need not consider whether the trial court erred in making its directed verdict rulings at trial. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**